# OCTOBER, 1925.

### BUCK SPURRIER v THE STATE.

No. 8721.   Delivered April 29, 1925.

Rehearing Denied, October 14, 1925.

**1.—Manufacturing Intoxicating Liquor—Charge of Court—Not Error.**

Where on a trial for manufacturing intoxicating liquor, the court failed to charge the jury that the equipment found in defendant's possession, must be capable of being assembled, and used to manufacture whisky, before the jury could convict. Under the facts in this case, this charge was properly refused, as the court was not required to single out a matter of this sort, and specifically charge on it.

**2.—Same—Charge of Court—Requested Charge—Properly Refused.**

Where the main charge correctly submits to the jury the defensive theory of the appellant, as was done in this case, no error is shown in his refusing to give appellants requested charges, covering the same issue.

**3.—Same—Charge of Court—Alibi—Issue Not Raised.**

A charge on alibi is properly refused, where the evidence in the case wholly fails to raise such issue.

**4.—Same—Requested Charges—Properly Refused.**

Where the main charge of the court correctly submits all defensive issues raised, it was not error for the court to refuse a requested charge that although they might believe that intoxicating liquor was manufactured on defendants premises, yet they could not convict him unless he was present at the time same was manufactured, or that he knew same was being manufactured and aided or abetted in some way those engaged in the manufacture.

ON REHEARING.

**5.—Same—Evidence—Held Sufficient.**

The mere fact that the officers were unable to find the worm, would not be enough to justify the jury in rejecting the evidence offered or in concluding it insufficient to show circumstantially the guilt of the accused. To so hold would enable a conviction to be defeated if any part of an operating still should be moved, and destroyed or secreted, no matter how convincing the remaining proof might be. We cannot lend our sanction to such a rule, and the motion for a rehearing will be overruled.

Appeal from the District Court of Jones county. Tried below before the Hon. W. R. Chapman, Judge.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, two years in the State penitentiary.

The opinion states the case.

*Lon. A. Brooks,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the District Court of Jones county for the offense of manufacturing liquor and his punishment assessed at confinement in the penitentiary for a term of two years.

Briefly stated, the facts show that up in appellant's pasture, in a branch a little ways from his house, there were found four barrels of mash and fourteen fruit jars of whiskey. This was something like 250 yards from his house. The whiskey was buried in the banks of the branch, and showed to have been recently buried. There was also found at the same place what the witness, Birdwell, calls a still. The record also shows that a noticable trail was found leading from the appellant's house to where the whiskey and the still were found. The mash barrels were covered up with brush. There were also found in appellant's dugout, about twenty steps from his residence, twenty-five or thirty fruit jars, some of which had had whiskey in them. The record further shows that when the deputy sheriff went up to the appellant at the time the search was made and told him he had a search warrant the appellant went with the deputy sheriff on down to the residence of the appellant and there evaded the deputy sheriff and left the country and was gone for something like a year.

The court gave a correct charge on circumstantial evidence, and the objections raised to the court's charge show no error.

Appellant's bill of exception No. 2 raises the question of a request for a peremptory instruction, and shows no error.

By bill No. 3, appellant complains because the court did not instruct the jury that the equipment found in defendant's possession must be capable of being assembled and used to manufacture whiskey before the jury could convict. Under the facts in this case this charge was properly refused, as the court was not required to single out a matter of this sort and specifically charge on it.

What has just been said disposes of bill No. 4, which complains because the court refused to instruct the jury that if they believed from the evidence that the equipment found in defendant's possession was not capable of manufacturing liquor, or if they had a reasonable doubt thereof, they should acquit. As above stated, the court correctly charged on circumstantial evidence in the case, and this charge was sufficient.

By bill No. 5, appellant complains of the action of the court in refusing to instruct the jury that, although they might believe defendant was in possession of equipment for manufacturing liquor, still he could not be convicted unless he actually manufactured it. In addition to charging on circumstantial evidence, the court instructed the jury as follows:

"In no event can you convict the defendant unless you believe beyond a reasonable doubt that the defendant, Buck Spurrier, did in Jones county, Texas, on or about the 5th day of March, A. D. 1923, unlawfully manufacture spirituous, vinous or malt liquor or medicated bitters capable of producing intoxication."

This paragraph of the court's charge, together with his charge on circumstantial evidence, fully excludes the idea that there is any error in refusing to give the charge suggested in bill No. 5.

The complaint made by appellant's bill of exception No. 6, shows no error, in view of paragrophs 5 and 6 of the court's charge.

The defense of alibi was not raised by the evidence in this case, and appellant's bill of exception No. 7, complaining of the court's failure to charge thereon, is without merit.

Appellant's bill No. 8 complains of the court's failure to inform the jury that, although they might believe that intoxicating liquor was manufactured on defendant's premises, yet they could not convict him unless he was present at the time the same was manufactured or that he knew that intoxicating liquor was being manufactured on his premises and aided or abetted in some way those engaged in the illegal manufacture of intoxicating liquor. We are not satisfied that a charge of this kind, if given, would not have been subject to the objection that it was on the weight of the evidence. But, in any event, any right that the appellant may have had in this matter was fully protected by that paragraph of the court's charge which informed the jury that in no event could they convict the defendant unless they believed beyond a reasonable doubt that he unlawfully manufactured spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication, on or about the 5th day of March, A. D. 1923.

We have carefully considered the facts in this case, and are satisfied that they are entirely sufficient to warrant the jury in finding the defendant guilty.

Finding no error in the record, it is our opinion that the judgment should be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals, and approved by the Court.

101 Tex. Crim.—19.

## ON MOTION FOR REHEARING

LATTIMORE, Judge.—We have carefully examined the earnest and extended motion filed by appellant but find ourselves unable to agree with the contention made that the evidence is not sufficient to support guilt. Not only was appellant found in possession of practically all of the parts of a still but he was also found in possession of quite a quanity of whiskey and mash. The whiskey had been recently buried. The vicinity showed where fires had recently been made, and there was a noticeable trail leading from appellant's house to where the whiskey and still were found. There was no other house situated near the scene of the operation. The mere fact that the officers were unable to find the worm would not be enough to justify the jury in rejecting the testimony offered, or in concluding it sufficient to show circumstantially the guilt of the accused. To so hold would be to establish a rule which would be unsound, viz: that if any part of an operating still should be moved and destroyed or secreted, that this would defeat conviction for the manufacture of liquor, no matter how convincing the remaining proof might be. We cannot lend our sanction to such rule.

The motion for rehearing will be overruled.

*Overruled.*